IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:09CV468-FDW-DSC

| | |
|---|---|
| KARL TURMAN, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed April 5, 2010; and the Defendant's "Motion for Judgment on the Pleadings" (document #15) and "Memorandum in Support of Summary Judgment" (document #16), both filed July 1, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Judgment on the Pleadings be granted; and that the Commissioner's decision be affirmed.

**I. PROCEDURAL HISTORY**

On January 22, 2007, Plaintiff filed an application for a period of disability, Social Security disability benefits ("DIB"), and Supplemental Security Income ("SSI") alleging he was unable to work as of January 6, 2006, due to back pain and "gastrointestinal problems." (Tr. 162). Plaintiff's

application was denied initially and on reconsideration, and a hearing was held on April 22, 2009.

In a decision dated July 8, 2009, the Administrative Law Judge ("ALJ") denied Plaintiff's claim, finding that Plaintiff had not engaged in substantial gainful activity at any time relevant to the decision. The ALJ also found that Plaintiff suffered back pain, hepatitis C, and gastrointestinal problems, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform medium work[2] except for sitting for three to seven hours a day and standing for a total of six hours in workday. In rendering this finding, the ALJ also considered Plaintiff's testimony regarding his impairments' severity and resulting functional limitations, but deemed this testimony not entirely credible (Tr. 13). Based on Vocational Expert ("VE") testimony, the ALJ found that Plaintiff could perform his past relevant work as deep fry cook, dishwasher, and kitchen helper. Accordingly, the ALJ concluded that Plaintiff was not under a "disability" at any time from January 6, 2006, the alleged onset date, through the date of the decision (Tr. 15).

By notice dated September 10, 2009, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on November 2, 2009. On appeal, Plaintiff assigns error to

---

[1]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2]"Medium" work is defined in 20 C.F.R. § 404.1567(c) as follows:
(c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

2

the hypothetical that the ALJ submitted to the VE and to the ALJ's evaluations of the opinion of Plaintiff's treating physician, Dr. Barbara B. McPherson, the requirements of Plaintiff's past relevant work, the credibility of Plaintiff's subjective complaints of pain, and Plaintiff's RFC. See Plaintiff's "Memorandum in Support ..." at 1-2 (document #12). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical

3

evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time the Plaintiff became "disabled," as that term of art is defined for Social Security.[3] Substantial evidence supports the ALJ's ultimate conclusion that Plaintiff was not disabled because he retained the RFC to perform his past relevant work.

Concerning the hypothetical that formed the basis for the VE's testimony, the ALJ asked the VE if a hypothetical individual with Plaintiff's age, education, and RFC stated above could perform Plaintiff's past relevant work. The VE testified that such an individual could perform Plaintiff's past relevant work as a deep fry cook and kitchen helper. Accordingly, the ALJ properly concluded that Plaintiff was not disabled because he is capable of performing some of his past relevant work (Tr. 14, Finding 6). See 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) ("[i]f you can still do your

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

past relevant work, we will find that you are not disabled").

Vocational expert testimony as to the existence of jobs a claimant can perform will constitute substantial evidence in support of the ALJ's decision if it is in response to a hypothetical question based on an accurate RFC. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (holding that ALJ's hypothetical was sufficient because it "fairly set out all of [Plaintiff's] impairments"). Plaintiff asserts without explanation or citation to authority that the ALJ's hypothetical limited Plaintiff to sedentary work. The Court finds to the contrary, that the assessed RFC for a reduced range of medium work was stated sufficiently in the hypothetical the presented to the VE. The assessed RFC included a limitation to sitting for three to seven hours and standing for a total of 6 hours in a work day. To be certain that the VE included this limitation, the ALJ stated—in relevant part—that:

> he does have back problems and stomach problems that would to some extent limit his sitting, but he could **sit for three hours at a time and up to seven hours a day**. Also, likewise because of his back pain – he would be able to **stand for two hours or a total of six hours** . . . I said he could stand and walk six hours. He could stand for six hours, walk for six hours out of eight.

(Tr. 35) (emphasis added). In sum, the plain language of the hypothetical presented by the ALJ demonstrates that it sufficiently included the limitations articulated in the assessed RFC. Accordingly, this assignment of error must be overruled.

Concerning Plaintiff's second assignment of error, in her July 10, 2006 report, Dr. McPherson opined that Plaintiff could return to work provided he does not perform any heavy lifting or any task that would aggravate his back pain (Tr. 279). On November 8, 2006, Dr. McPherson also stated that Plaintiff was unable to return to work due to chronic low back pain and gastrointestinal problems (Tr. 279).

The Fourth Circuit has established that a treating physician's opinion need not be afforded

controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992).[4] A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178, citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). Consistent with this precedent, the ALJ properly rejected Dr. McPherson's opinion, reasoning that it is inconsistent with the entirety of the record.

The ALJ first explained that he could not credit Dr. McPherson's opinion that Plaintiff was essentially disabled due to back pain because, inter alia, the record reflects that Plaintiff's pain is controlled conservatively with pain medications and therapy, a finding entirely consistent with Plaintiff's written statements on June 27, 2007 (Tr. 171-72). Therein, Plaintiff stated that his pain only lasted until 20 minutes after he takes his morning medications and that this medication relieves and controls his pain all day. Id.

Second, the ALJ explained that the record contains opinion evidence from medical experts who assessed Plaintiff's RFC after reviewing the medical evidence of record (Tr. 14). The opinions of non-examining state agency medical sources must be considered by the ALJ, insofar as they are supported by evidence in the case record, as those of highly qualified physicians and psychologists

---

[4] Plaintiff cites an earlier standard of review that was overruled in Sullivan, supra, following an adoption of new rules by the Administration. See Document #15 at 12, citing Millner v. Schweiker, 725 F.2d 243, 245-246 (4th Cir. 1984) (treating physician's opinion entitled to "great weight," and can only be rejected if there is persuasive evidence to the contrary in the record).

who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. 20 C.F.R. § 404.1527(f); SSR 96-6P. The opinion of a non-examining physician can constitute substantial evidence in support of the ALJ's decision when it is consistent with the record. Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984). Furthermore, if the medical evidence from examining or treating sources is conflicting, an ALJ's determination in favor of the non-examining physician should stand. Gordon, 725 F.2d at 235.

Here, these experts' findings starkly contradict those of Dr. McPherson (Tr. 209-16, 239-46). As the ALJ explained, he "agrees with the opinion of the Medical Consultants of the Disability Determination Service in that [Plaintiff] has no evidence of any impairment severe enough to prevent him from performing all types of work activity." (Tr. 14). Indeed, these medical experts opined that Plaintiff retained an RFC for a range of medium work consistent with that assessed by the ALJ (Tr. 209-16, 239-46). The ALJ may give greater weight to an opinion from a medical expert where, as here, the expert has thoroughly reviewed the record and the opinion is consistent with other opinions and objective medical evidence in the record. Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005).

In his brief, Plaintiff provides a summary of his medical records from 2005-2006 which belies the alleged severity of his impairments at the time Dr. McPherson gave her opinions, as follows:

> Crawford Chiropractic Center provided care to Mr. Turman in November 2005 for neck pain, midback pain, and lower back pain following a motor vehicle collision on 10-31-05. The treatment included a variety of modalities including ice, heat, electrical muscle stimulation, specific chiropractic adjustments, and therapeutic exercises. On 7-24-07 Dr. Anthony Crawford opined that Mr. Turman's injuries were a direct result of th[e In January 2006 Mr. Turman was treated at Moses H. Cone Memorial ED for complaints of back pain related to an earlier motor vehicle accident in November,

7

> 2005. He was diagnosed with thoracic back pain, treated, and released (Tr. 193 – 195). **Mr. Turman underwent a variety of radiological tests at Moses Cone in 2006 including lumbar spine xrays, CT of the abdomen, and CT of the pelvis all with negative results (Tr. 196-198)**.

Plaintiff's "Memorandum in Support ..." at 3 (document #12) (emphasis added). In short, the ALJ provided sufficient reasons for rejecting Dr. McPherson's opinion.

Plaintiff's third assignment of error alleges that the ALJ failed to adhere to the requirements of SSR 82-62 in concluding that he was not disabled because he retained the RFC to perform his past relevant work as a deep fry cook, dishwasher and kitchen helper. The purpose of SSR 82-62 is to "state the policy and explain the procedures for determining a disability claimant's capacity to do past relevant work as set forth in the regulations, and to clarify the provisions so that they will be consistently applied." SSR 82-62, available at 1982 WL 31386, *1 (S.S.A.). It mandates that when an ALJ finds that an individual retains the capacity to perform a past relevant job, the decision must contain the following findings: (1) a finding as to the individual's RFC, (2) a finding as to the physical and mental demands of the past job/occupation, and (3) a finding that the individual's RFC would permit a return to his or her past job or occupation. Id, at *4. Plaintiff concedes that the ALJ adhered to the first of these three requirements, but argues that the ALJ failed to provide the second and third required findings. The Court concludes that the ALJ's decision sufficiently states all three of the above-mentioned findings required by SSR 82-62.

First, SSR 82-62 requires a finding of fact as to Plaintiff's RFC. It is uncontested that the ALJ found that Plaintiff retained the RFC to perform medium work except for sitting for three to seven hours a day and standing for a total of six hours in workday. Accordingly, the ALJ provided the first finding of fact required by SSR 82-62.

Second, SSR 82-62 requires a finding as to the physical and mental demands of Plaintiff's

past job or occupation. On this point the ALJ took testimony from the VE who opined that Plaintiff's past relevant work as a deep fry cook, dishwasher and kitchen helper all constituted unskilled worked performed at the medium exertional level (Tr. 33-34). As noted above, "medium work" is a term of art in Social Security defined in 20 C.F.R. § 404.1567(c) as "work involv[ing] lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." Similarly, "unskilled work" is commonly understood to indicate work not requiring sustained concentration. This testimony, unaddressed in Plaintiff's argument, sufficiently details the physical and mental requirement of Plaintiff's past relevant work in a manner consistent with the requirements of SSR 82-62.

The Court notes that even if this testimony was insufficient to satisfy the second required finding, such error is, at most, harmless. Much like the plaintiff in Traxler v. Astrue, 2010 WL 1257533, at *5 (D.S.C. Feb. 1, 2010), Plaintiff fails to outline any analysis under SSR 82-62 which would be favorable to him, such that a want of specificity in the ALJ's analysis can be characterized as anything other than harmless.

Third, SSR 82-62 requires a finding that Plaintiff's RFC would permit a return to his past job or occupation. On this point the ALJ's decision includes the following finding of fact: "[i]n comparing [Plaintiff's] residual functional capacity with the physical and mental demands of this [past relevant] work, the undersigned finds that [Plaintiff] is able to perform it as it was actually and generally performed." (Tr. 14, Finding 6). This finding, also unaddressed in Plaintiff's argument, sufficiently details the ALJ's finding that Plaintiff's RFC would permit return to his past work as a deep fry cook, dishwasher and kitchen helper in a manner consistent with the requirements of SSR 82-62.

In his fourth assignment of error, Plaintiff argues that in assessing his RFC, the ALJ failed to perform the "function-by-function" analysis required by SSR 96-8p, which states that:

> The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8p, available at 1996 WL 374184, at *1 (S.S.A.). A review of the ALJ's decision reveals that in formulating Plaintiff's RFC, he referenced the definition of "medium work" quoted above, as it appears in the governing Regulations (Tr. 12, Finding 5) (citing 20 C.F.R. §§ 404.1567(c) and 416.967(c)). As previously discussed, this definition provides that medium work involves lifting and carrying a maximum of 50 pounds occasionally and 25 pounds frequently. 20 C.F.R. §§ 404.1567(c) and 416.967(c). Accordingly, the ALJ's actual assessment does describe Plaintiff's RFC in terms of his maximum abilities in the domains of lifting, carrying, sitting, standing, and walking. The ALJ's decision includes the function-by function assessment required by SSR 96-8p.

Finally, Plaintiff contends that the ALJ failed to properly evaluate his subjective complaints of pain. To the contrary, the ALJ properly applied the standard for determining a claimant's Residual Functioning Capacity based on subjective complaints of pain and, in this case, the record contains substantial evidence to support the ALJ's conclusion that Plaintiff's testimony was not fully credible.

The determination of whether a person is disabled by nonexertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42

U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's back pain, hepatitis C, and gastrointestinal problems – which could be expected to produce some of the pain claimed by Plaintiff– and thus the ALJ essentially found that Plaintiff could satisfy the first prong of the test articulated in Craig. However, the ALJ also correctly evaluated the "intensity and persistence of his pain, and the extent to which it affects his ability to work," and found Plaintiff's subjective description of his limitations not credible.

The ALJ first focused on the consistency of Plaintiff's complaints of disabling pain with the evidence of record. This is permissible as Plaintiff's allegations of pain "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers." Mickles v. Shalala, 29 F.3d 918, 927 (4th Cir. 1994) Moreover, "[o]ne strong indication of credibility of an individual's statements is their consistency, both internally and with other information in the case record." SSR 96-7p, available at 1996 WL 374186, at *5 (S.S.A.).

11

In discounting Plaintiff's allegations of disabling back pain, the ALJ noted that (1) an x-ray of his lumbar spine on May 11, 2006 was normal with no evidence of any fracture (Tr. 198); (2) a musculoskeletal examination on July 13, 2006, revealed that Plaintiff could get up and down on the exam table, was full weight bearing and had a steady gait, and only displayed evidence of mild spasm to the lumbosacaral area (Tr. 259); (3) during a consultative examination on February 13, 2007, an MRI scan and x-rays of the lumbar spine were negative (Tr. 207); and (4) on January 20, 2008, Plaintiff had a negative straight leg raise examination (Tr. 272). Next, the ALJ focused on Plaintiff's alleged limitations in sitting, standing, walking and lifting due to gastrointestinal problems. The ALJ properly discounted such complaints because (1) A CT scan on July 11, 2006 showed no focal source identified for such pain (Tr. 239); and (2) a second CT scan on December 7, 2006, similarly revealed no abnormality to explain his pain complaints (Tr. 251). The ALJ could not ignore evidence that starkly contradicted Plaintiff's allegations of disabling pain. "[P]ain is not disabling per se, and subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986) (quoting Parris v. Heckler, 733 F.2d 324, 327 (4th Cir.1984)).

Next, the ALJ examined Plaintiff's own statements about the effect of medication on his pain symptoms. Specifically, the ALJ noted that Plaintiff "stated that the medications relieve the pain and control it most of the time" (Tr. 13, citing Tr. 171-72). The ALJ also pointed to a July 22, 2007 examination note where Plaintiff reported that Celebrex relieves his pain along with a muscle relaxant and pain pill (Tr. 13, citing Tr. 220). The ALJ also focused on a note dated February 13, 2007, where Plaintiff explained that his pain symptoms often improved with lying down and medication which abated his symptoms (Tr. 14, citing Tr. 204). Finally, the ALJ relied on Plaintiff's hearing testimony where he reported that he was presently asymptomatic and had no problems at

that time due to Hepatitis C (Tr. 14, referencing Tr. 24).

Although the medical records establish that Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923, citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's work history and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #11) be **DENIED**; that Defendant's "Motion for Judgment on the Pleadings" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo

review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: July 8, 2010

David S. Cayer
United States Magistrate Judge