# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-CV-468-FDW-DSC

| | |
|---|---|
| KARL TURMAN, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11); Defendant Commissioner's Motion for Summary Judgment (Doc. No. 15); and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 17). Plaintiff timely filed Objections to the M&R (Doc. No. 18). Defendant Commissioner did not file a reply to Plaintiff's Objections. This matter is now ripe for review. For the reasons set forth, the Court ACCEPTS and ADOPTS the M&R (Doc. No. 17), DENIES Plaintiff's Motion for Summary Judgment (Doc. No. 11), and GRANTS Defendant's Motion for Summary Judgment. (Doc. No. 15).

## I. STANDARD OF REVIEW

The Federal Magistrate Act states that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310,

315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). The district court need not review issues that are beyond the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Upon careful review of the record, the district court may accept, reject, or modify the findings or recommendations made by the magistrate judge. Camby, 718 F.2d at 200.

The Social Security Act, 42 U.S.C. § 405(g), grants the district court the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." § 405(g). It is this Court's duty to determine both whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing § 405(g) and Richardson v. Perales, 402 U.S. 389, 390 (1971)).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing Perales, 402 U.S. at 401). The Fourth Circuit has recognized "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456 (citations omitted). The Court may set aside a determination of

the Administrative Law Judge (ALJ) if it is not supported by substantial evidence or it is based upon legal error. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## II. DISCUSSION

The facts as set forth in the M&R are adopted herein unless otherwise noted. Plaintiff offers several objections to the M&R's findings and those objections are reviewed de novo.[1] The Court will review each objection in turn.

**A. Time to File a Response**

First, Plaintiff contends the M&R was issued before Plaintiff was allowed time to file a response to Defendant's Motion for Summary Judgment, and thus was prejudiced. It is the practice of this Court that Social Security cases are governed by the pretrial scheduling order, which in this case was issued on February 1, 2010. (Doc. No. 10). This order indicates that Plaintiff shall file a Motion for Summary Judgment and supporting memorandum within sixty (60) days, and Defendant Commissioner shall file his Memorandum of Law in Opposition no later than sixty (60) days from service of Plaintiff's motion. The order further states that a Motion for Summary Judgment "routinely will be decided on the pleadings submitted." (Doc. No. 10). The order is silent on the filing of responses, and a review of other social security cases filed in this district indicate responses to submitted Motions for Summary Judgment are not typically filed due to the unique nature of the district court's review. Thus, the Court is unpersuaded by Plaintiff's argument that he was prejudiced by not having an opportunity to file a response. However, even if Plaintiff had been

---

[1] Plaintiff generally requests a de novo review of the Motions for Summary Judgment in their entirety, but does not specifically state a reason why such a review is necessary. Consistent with the standard of review, this Court need not conduct a review of issues beyond the subject of a specific objection. Thomas, 474 U.S. at 149; Camby, 718 F.2d at 200.

prejudiced in some manner, Plaintiff had a opportunity to correct any prejudicial effect in Plaintiff's objections to the M&R.

**B. The ALJ's Hypothetical to the VE**

Plaintiff's second contention is the M&R incorrectly holds the ALJ's hypothetical question to the vocational expert (VE) was proper. Plaintiff relies in part on Walker v. Bowen, in claiming that the ALJ's hypothetical questions of the Vocational Expert (VE) were inadequate because the administrative law judge must "fairly set out all of claimant's impairments." 889 F.2d 47, 50-51 (4th Cir. 1989). The ALJ in his Residual Functional Capacity (RFC) determination found the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) except sitting for 3 to 7 hours a day and stand[ing] for 2 hours of a total of 6 hours. (Tr. 12).

The hypothetical question posed by the ALJ to the VE was:

> ALJ: I want you to assume a hypothetical Claimant . . . 56 years old with a high school education. I want you to assume the individual could perform medium work, that is to say, lift up to 50 pounds occasionally and 25 pounds frequently. You could – he does have back problems and stomach problems that would to some extent limit his sitting, but he could sit for three hours at a time and up to seven hours a day. Also, likewise because of his back pain and – he would be able to stand for two hours or a total of six hours, walk for two hours at a time for a total to six hours. He would only be able to occasionally climb, crouch and crawl. Now, those would be the hypothetical that I would give, would these – give[n] that hypothetical, would he be able to do the jobs he'd done in the past? (Tr. 34-35).

As an initial matter, the Court finds the hypothetical question fairly sets forth Plaintiff's impairments because the plain language of the hypothetical mirrors the RFC determination made by the ALJ, which was supported by substantial evidence as further discussed herein.

4

Plaintiff maintains that the ALJ's determination as to his RFC was in fact a limitation to sedentary work, and not medium work as stated by the ALJ in his hypothetical to the VE. The Court agrees with the M&R and its reasoning and finds Plaintiff's argument is without merit. Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. 404.1567(c) and 416.967(c). Here, the ALJ found Plaintiff's limitations consistent with medium work, but added the limitation that Plaintiff can sit for only three (3) to seven (7) hours a day and stand for two (2) hours of a total of six (6) hours. Plaintiff contends these limitations are in line with sedentary work where walking and standing are required "occasionally," but such a conclusion is incorrect because the ALJ did not limit Plaintiff to occasionally standing and walking based on substantial evidence in the record. Accordingly, the Court finds no error of law and Plaintiff's second objection is overruled.

**C. Treating Physician's Opinion**

Third, Plaintiff argues the M&R incorrectly accepted the ALJ's rejection of Plaintiff's treating physician's medical opinion. Treating physicians' opinions are to be afforded "controlling weight" where the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. 404.1527(d)(2). "[B]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

Where there are inconsistent medical opinions contained in a claimant's case record, the ALJ is not required to give controlling weight to the treating source opinion. Hunter v. Sullivan, 993

5

F.2d 31, 35 (4th Cir. 1992) ("Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight. The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence . . . ." (citations omitted)); see also Craig, 76 F.3d 585 (4th Cir. 1996) (holding the ALJ did not err in giving diminished weight to a treating source opinion that was based solely on plaintiff's subjective reports of pain and not supported by the treating physician's own medical notes). "[T]he notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." SSR 96-5p.

Here, Plaintiff recognizes that the M&R properly stated the Fourth Circuit's standard for assessing a treating physical's opinion, but argues that the M&R engaged in "post hoc rationalizations" for the ALJ's decision. The Court disagrees. Consistent with the standard of review, the M&R appropriately engaged in a review and brief discussion of the record, which was necessary to determine whether or not the ALJ's decision was supported by substantial evidence.

Plaintiff further objects to the M&R's finding that the ALJ properly rejected the treating physician's opinion because it was inconsistent with the entirety of the record. Plaintiff urges that the ALJ must fully explain his rationale rather than "simply making a blanket ambiguous conclusory statement," and that the ALJ did not cite to persuasive contradictory evidence before rejecting the treating physician's opinion. (Doc. No. 18 at 4). The Court does not finds Plaintiff's argument persuasive.

The ALJ sufficiently explained the consideration given to the treating source's opinion. Specifically, the ALJ stated in his decision that he had considered the opinion of the treating physician, but found "that this opinion is inconsistent with the entire evidence of record before him." (Tr. 14). The ALJ explained his reasoning for according less weight to the treating physician

6

because the substantial evidence in the record showed "claimant's pain is controlled conservatively with pain medications and therapy." (Tr. 14). The ALJ references his earlier discussion of such evidence, which in this case constituted persuasive contradictory evidence, including: claimant's own statements that Celebrex relieved his pain along with a muscle relaxant and pain pill (Exhibit 7F, pg. 1); claimant's statements that his pain symptoms often improved with lying down and with medication, which abated his symptoms (Exhibit 4F, pg. 2); a MRI scan and x-rays of the lumbar spine, which were negative (Exhibit 4F, pg. 5); and two CT scans that showed no focal source identified for claimant's pain and no abnormality (Exhibit 10F, pg. 1; Exhibit 12F, pg. 2). (Tr. 13-14).

In light of this evidence, the ALJ explained that he agreed "with the opinion of the Medical Consultants of the Disability Determination Service in that the claimant has no evidence of any impairment severe enough to prevent him from performing all types of work activity." (Tr. 14). As the M&R notes and a review of the record confirms, these medical experts opined that Plaintiff could perform a range of medium work after conducting a physical residual functional capacity assessment, which was consistent with the results from objective medical tests. (Tr. 209-16, 239-46). Considering this, the ALJ did not err by according greater weight to the opinions of the medical consultants because it was consistent with substantial evidence in the record. See Johnson v. Barnhart, 434 F.3d 650, 657 (4th Cir. 2005); Smith v. Schweicker, 795 F.2d 343, 345-346 (4th Cir. 1986); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

**D. ALJ's Credibility Finding**

Fourth, Plaintiff argues that the "M&R improperly upholds the ALJ's credibility finding of Mr. Turman's testimony citing the lack of X-rays, CT scans, etc." (Doc. No. 18 at 4). Plaintiff cites Craig v. Chater, and contends it is improper to discredit pain allegations "simply because there is

7

a lack of objective evidence of the severity of the pain." 76 F.3d at 593. Plaintiff omitted a very important part of the quote in Craig, which was "*once objective medical evidence establishes a condition* which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain." Id. at 593 (citing Jenkins, 906 F.2d 107, 109 (4th Cir. 1990)) (emphasis added).

In this case, the ALJ found that claimant had the following severe impairments: back pain, hepatitis C, and gastrointestinal problems. (Tr. 12). The ALJ concluded that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effect of these symptoms are not credible. . . ." (Tr. 13). Just as the Fourth Circuit and the Social Security regulations require, the ALJ then detailed the claimant's statements about his pain, medical history, objective medical tests, and evidence relevant to the severity of the impairment. Craig, 76 F.3d at 595 and 20 C.F.R. 416.929(c)(1) and 404.1529(c)(1). The ALJ noted that although Plaintiff stated his pain ranges from eight (8) to nine (9), Plaintiff stated multiple times that medication generally relieves and controls the pain. (Tr. 13-14, Tr. 171-72, 204, 220). As previously noted, the ALJ also referenced objective medical evidence that supported his credibility finding. For instance, the CT scans showed no focal source identified for the claimant's pain, showed no abnormality noted to explain his pain, and the MRI and x-rays of the lumbar spine were negative. (Tr. 13, 207, 239, 251). Concerning his Hepatitis C condition, Plaintiff testified that he was asymptomatic and was experiencing no problems at the time. (Tr. 14, 24). The M&R correctly points out that the medical records show Plaintiff experienced pain and difficulties to some extent, but this Court must adhere to its standard of review. Here, a review of the record confirms that the ALJ's decision was

supported by substantial evidence and there was no error of law. Accordingly, Plaintiff's objection is overruled on this issue.

**E. Past Relevant Work**

Plaintiff's fifth objection concerns the M&R's finding that the ALJ properly analyzed Mr. Turman's past relevant work. Plaintiff argues that "[t]he M&R incorrectly concludes that because the ALJ limited Mr. Turman to 'unskilled work' that this fulfilled the ALJ's duty" to compare "the physical and mental demands of Mr. Turman's prior work to his residual functional capacity and then explain this comparison fully in the disability decision as required by SSR 82-62." (Doc. 18 at 6-7).

SSR 82-62 states that to determine whether a claimant is capable of performing a past relevant job, the ALJ's decision must contain the following specific findings of fact: "1. A finding of fact as to the individual's RFC[;] 2. A finding of fact as to the physical and mental demands of the past job/occupation[;] 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation." Here, as the M&R notes, it appears uncontested that the ALJ made a finding of fact as to the individual's RFC finding.[2] (Tr. 12-14). As to the second and third requirements, the ALJ stated in his decision that "[t]he claimant is capable of performing past relevant work. . . [and] [t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (Tr. 14). The ALJ then referenced the VE's testimony, stating that "based on the hypothetical posed by the Administrative Law Judge including exertional limitations, the claimant is able to perform his past relevant work as a deep fry cook, dishwasher and kitchen helper." (Tr. 14, Tr. 33-34). Finally, the ALJ then concludes that

---

[2] Though as discussed herein, Plaintiff does not challenge that fact that the ALJ made an RFC finding, but Plaintiff does argue that the RFC finding was erroneous.

"[i]n comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed." (Tr. 14). The ALJ further recognized that the claimant's past relevant work is "unskilled" pursuant to 20 C.F.R. 404.1568 and 416.969. (Tr. 14).

In light of this review, it is clear that Plaintiff's objection misconstrues the M&R. The M&R points out that the ALJ relied on the VE's testimony at the hearing that Plaintiff could perform his past relevant work as a deep fry cook, dishwasher, and kitchen helper, which were unskilled work performed at the medium exertional level. The M&R then defines both medium work and the general understanding of unskilled work. Plaintiff avers that the mental requirements of "unskilled work" are greater than presumed by the M&R. The Court disagrees with this statement based on the definition of unskilled work found in 20 C.F.R. 404.1568.[3] Moreover, as the M&R recognizes, even if the ALJ insufficiently satisfied the requirements of SSR 82-62, such error is harmless as Plaintiff has failed to outline any analysis under SSR 82-62 which would be favorable to him. See Traxler v. Astrue, 2010 WL 1257533, at *5 (D.S.C. Feb. 1, 2010). The ALJ also found other jobs in the national economy in which Plaintiff could perform, such as patient transporter, sandwich maker, parking lot attendant, and cashier. (Tr. 14). Plaintiff does not appear to challenge those findings. Accordingly, Plaintiff's objection is overruled.

F. RFC Finding

Plaintiff's final objection is that the M&R incorrectly concluded that, because the ALJ found Plaintiff capable of medium work, the ALJ conducted a proper function-by-function analysis of

---

[3] Plaintiff cites to SSR 85-15 for the definition of the mental demands of unskilled work. Plaintiff fails to mention that this definition is contained within the discussion of when a claimant has a mental impairment. See SSR 85-15. Plaintiff also fails to mention that Plaintiff did not complain of any mental impairments, and no medical evidence contained in the record even references such an impairment or restriction.

Plaintiff's RFC under SSR 96-8p. Plaintiff contends that based on relevant case law "each function must be considered separately." (Doc. 18 at 8). Plaintiff also argues that the RFC must assess the claimant's mental limitations.

Under SSR 96-8p, the ALJ should "consider all allegations of physical and mental limitations and restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." The ALJ is directed to consider "all of the relevant evidence in the case record," including, by way of example, the claimant's medical history and symptoms and laboratory findings, the effects of treatment, reports of daily activity, recorded observations, medical source statements, and objective effects of symptoms. Id. Although the RFC itself is expressed abstractly in terms of exertional level of work such as "sedentary, light, medium, heavy, and very heavy," Plaintiff is correct in pointing out that the ALJ is required to consider each function separately and "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform. . . ." Id.; see also Knox v. Astrue, 327 Fed. App'x. 652, 657 (7th Cir. 2009) ("the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient"); Depover v. Barnhart, 349 F.3d 563, 567-78 (8th Cir. 2003) (holding that absence of function-by-function statement did not require remand where the RFC assessment included implicit findings that the claimant was not limited in certain functions).

Here, as noted by the M&R, the ALJ's decision described Plaintiff's RFC in terms of Plaintiff's abilities and restrictions in lifting, carrying, sitting, standing, and walking. The ALJ cites to numerous medical tests, assessments, and claimants's statements about his symptoms in the

11

record to support such as findings, as previously discussed. Considering this, the Court agrees with the M&R and its reasoning that the ALJ made his RFC finding based on substantial evidence in the record. (Tr. 12).

Plaintiff's argument that the ALJ failed to assess Plaintiff's mental limitations is completely without merit. Although an ALJ is obligated to consider any physical and mental impairments suggested by a plaintiff's medical record, here there was no allegation or medical evidence of any mental limitation or restriction in the record. See Clowney v. Astrue, 2008 WL 2557445, at *5-6 (D.S.C. June 20, 2008) (citations omitted); Byrd v. Astrue, 2008 WL 4734935, at *4 (W.D. Va. October 28, 2008). The ALJ could not reasonably be expected to assess a claimant's mental impairment or limitation where there was no evidence or even an allegation to suggest one.[4] (Tr. 24, 164). As a result, the Court finds that the ALJ conducted a proper function-by-function analysis of Plaintiff's residual functional capacity under SSR 96-8p.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Memorandum and Recommendation (Doc. No. 17) is hereby ACCEPTED and ADOPTED, Plaintiff's Motion for Summary Judgment is DENIED (Doc. No. 11), and Defendant's Motion to Dismiss is GRANTED. (Doc. No. 15).

IT IS SO ORDERED.

Signed: November 10, 2010

Frank D. Whitney
United States District Judge

---

[4] To the extent that Plaintiff might be referring to the ALJ taking into consideration Plaintiff's education level, age, occupational base, and work background, which is required, the ALJ discussed these considerations in his decision. (Tr. 14).